978 So.2d 232 (2008)
OPEN MRI OF OKEECHOBEE, LLC, Andrew Gallant, Andrew T. Walker and Henry R. Zayas, Appellants,
v.
Peter ALDANA, Iqbal Ahmed and John Chang, Appellees.
No. 4D07-3532.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
*233 James A. Farrell, Temple Fett Kearns and Matthew R. Chait of Shutts & Bowen LLP, West Palm Beach, for appellants.
George K. Brew of George K. Brew & Associates, Jacksonville, for appellees.
KLEIN, J.
Plaintiff appellees, who each owned a minority interest in Open MRI, sued Open MRI and its manager members for wrongfully terminating their interests in Open MRI. Open MRI appeals an order denying its motion to compel arbitration. We affirm.
In their complaint plaintiffs alleged that they had been notified by Open MRI that their recent acquisition of an ownership interest in a competing company was contrary to their agreement, and that their interests in Open MRI were "being seized for an alleged material breach of the operating agreement of Open MRI." Plaintiffs further alleged that Open MRI wrongfully confiscated their interests and deprived them of their distributions.
The agreement provided for arbitration of "any disputes under this agreement, except those which pertained to Articles 10 or 11." The trial court concluded that this dispute arose under Article 10, and Open MRI was accordingly not entitled to arbitration. Article 10 is entitled "Transfer of Interest/Non-Competition/Confidentiality." Section 10.5 of Article 10 provides that no member, without prior written consent of the management, may participate in any manner in another MRI business which performs services in the territory.
It is obvious from the complaint that, but for Open MRI's seizure of plaintiff's interests in Open MRI, based on the alleged breach of the non-compete provision found in Article 10, this dispute would not have arisen. The allegations of the complaint clearly "pertain to" the non-compete provisions of Article 10, and we accordingly conclude that the trial court was correct in holding that the claims were not arbitrable.
Affirmed.
HAZOURI and DAMOORGIAN, JJ., concur.